PbaesoN, J.
 

 Where impertinent matter is introduced into-the pleadings, it is, according to the course of the Court, to be stricken out at the expense of the party. This rule, and that requiring the pleadings to be signed by a solicitor of the court, is adopted for the purpose of excluding “ scandal” and protecting a party litigant, from having his reputation assailed, or his feelings wounded, when the occasion does not call for
 
 it;
 
 and for the further purpose of relieving the Judge from that prej udice which such matter is apt to produce upon the best regulated mind, whereby it may, unconsciously, (and there is no telling to what extent) be influenced and drawn off from the merits of the case.
 

 No matter is impertinent, however scandalous it may be, or however much it may tend to degrade, provided it be relevant and bear upon the point, about which the parties are at issue.
 

 These principles are agreed on, and the only question made at the bar was as to the application.
 

 It was conceded by Mr.
 
 Bailey
 
 for the plaintiff, that if the scope of the bill had been to call in question the legal effect of the deed of trust, executed by Joel Cannon, by denying that the trust was for the sole and separate maintenance of
 
 *4
 
 the plaintiff’s wife, and setting up a right to the property in himself
 
 jure
 
 marii/i, then the allegations of the answer, which are excepted to, would have been relevant, and had a
 
 bearing
 
 upon the question of construction; ]out he insisted that as the bill expressly admits that the property was conveyed for the sole and separate use of the plaintiff’s wife, and seeks only to set up a claim, on the part of the plaintiff, to such portion of the profits and hires as remained unexpended and unappropriated by the wife at the time of her death, and which has been, or ought to have been, received by the defendant Samuel M. Cobb, as her administrator, presenting a dry question of legal right, all the matter set forth in the answer in respect to the domestic relations of the plaintiff, is impertinent.
 

 To this position, Mr. Morehead, for the defendants, was unable to give any satisfactory reply. We are entirely satisfied that this matter was introduced for the purpose of creating prejudice against the plaintiff and his cause, under the idea, that as he and his wife did not live happily together, he ought not to be allowed to claim the remnant of her estate, but should permit it to be enjoyed by their dutiful children.
 

 There is no error. The interlocutory order of the Court below is affirmed. This opinion will be certified.
 

 Per Curiam. Decree below affirmed..